CLARK MATHEWS
Assistant Federal Defender
Federal Defenders of Montana
Great Falls Office
104 2nd Street South, Suite 301
Great Falls, MT 59401
clark_mathews@fd.org
Phone: (406) 727-5328
Fax: (406) 727-4329
       Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS MONTANA**

| UNITED STATES OF AMERICA,       | Case No. CR 22-95-GF-BMM         |
|---------------------------------|----------------------------------|
| Plaintiff,                      | MEMORANDUM IN AID OF SENTENCING  |
| vs.                             |                                  |
| KELLY STERLING WAIT,            | [Sentencing Date: May 17, 2023]  |
| Defendant.                      |                                  |

COMES NOW, Kelly Sterling Wait, by and through his Counsel of record Clark Mathews, Assistant Federal Defender and the Federal Defenders of Montana, and hereby submits this Memorandum in Aid of Sentencing.

## 1.   Introduction

Kelly pled guilty on January 5, 2023, to Count II of the Indictment, Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1). The

maximum term of imprisonment is 20 years, and up to 3 years of supervised release. Kelly has one outstanding objection to the advisory guideline range contained in the Pre-Sentence Report (PSR) of 84 months to 105 months ¶90 of PSR. If Kelly's objection, which will be argued below, is sustained, the advisory guideline range would be 70 months to 87 months. Kelly submits a sentence of 42 months to the Bureau of Prisons followed by 3 years of supervised release will comport with 18 U.S.C. § 3553(a) in this case.

2. **Sentencing Factors in 18 U.S.C. § 3553(a)**

    A.    **The Nature and Circumstances of the Offense and the Characteristics of the Defendant 18 U.S.C. § 553(a)(1)**

Kelly is a smart, personable, funny, loyal, and hardworking 44-year-old man. Family and friends describe Kelly in the most positive terms. Kelly's work history shows periods of success in his life, but as he describes in his own letter to the Court:

> Yet, all my successes are marred by some trauma, my relapse, and eventual legal trouble due to my abuse of alcohol or drugs. It is safe to say this has been my pattern my whole life. Which, to me, begs the questions, when it appears that at times I was so close to having it right, what am I missing that I ultimately allow to pull me back into a life of drugs, alcohol, and criminal behavior?

PSR, ¶21.

Kelly believes he may have found the answer. It appears he experienced incredible trauma and abuse as a child, he reports this has previously not been

addressed in his treatment efforts. He is now determined, with remarkable insight, to address these issues to achieve his positive career plans.

Kelly's mother, in both her conversation with the PSR author and her letter to the Court, has been honest about Kelly's struggles but has emphasized a positive change in his attitude and mindset. (Exhibit 1, Letter from Candace Comstock). Kelly's good friend, Chris Schaff, is an inspiration for him. It is apparent from the letter Chris wrote to the Court these two have been through some dark times together, and now, Chris is trying to assist Kelly into joining him in the light. (Exhibit 2, Letter from Chris Schaff). Chris, a licensed addiction counselor, describes Kelly as a "sick man trying to get well." Further, Chris' thoughtful letter explains why Kelly himself becoming a licensed addiction counselor would help ensure Kelly's future sobriety. He opines, "Helping Kelly find purpose in life and a career that would remind him daily of where he comes from will be imperative to his success."

### B.     Sentencing Mandate in 18 U.S.C. § 3553(a)(2)

Kelly, now sober, is fully aware and agrees with the devastating impact fentanyl has on people and the surrounding community. The seriousness of the offense warrants some form of punishment. As noted above, and discussed further below, there is one outstanding objection to the PSR, but separate from that objection, the criminal history category determination substantially over-represents

the seriousness of the defendant's criminal history, and the Court should depart accordingly. §4A1.3(b).

Kelly received 4 points, one point each for 4 misdemeanors, 3 shoplifting offenses and one drug paraphernalia offense. PSR, ¶¶ 44-47. He pled guilty without the assistance of counsel on each. He was sentenced to a total of 17 days in jail for all four charges. With respect to the offense listed in paragraph 47, the PSR notes a warrant was issued, and upon inquiry it was learned it was issued for Kelly failing to pay a fine ordered by the Municipal Court. Kelly has continuously been in custody since the Municipal Court imposed its sentence, yet it issued the warrant anyways. The other 2 scoreable offenses are felony DUI convictions, one from 2011 and one from 2015. Kelly has no violent criminal history.

Kelly desires to participate in the Bureau of Prisons' Residential Drug Abuse Program (RDAP) to assist in his future recovery. Kelly appreciates his dumb decision to have a firearm will prevent him from receiving a sentence reduction upon completion of RDAP, but he does not care, he wants to do the program because he believes it will help him be successful in the future.

### C.   The Guidelines

Kelly objects to 3 points being assessed for the offense listed in paragraph 43 of the PSR. Instead, Kelly should receive 2 points. On 8.10.16, the Honorable Mike Menahan in the Montana First Judicial District, Lewis and Clark County, imposed a

sentence of 5 years to the Department of Corrections. He further stated, "Upon successful completion of the WATCH II program, the remaining portion of the defendant's sentence shall be suspended." (See Exhibit 3, judgment). The WATCH program is 6 months in duration. Kelly was admitted into the program on 10.11.16 and successfully completed it on 4.9.17. (See Exhibit 4, correspondence from WATCH). The sentence imposed by Judge Menahan included a sentence of imprisonment of at least sixty (60) days but did not exceed one year and one month. See §4A1.2(b)(2) ("If part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended").

The above would be straightforward except it appears the Department of Corrections (DOC) failed to enforce the sentence imposed by Judge Menahan. For reasons that remain a mystery[1], the remaining portion of Kelly's sentence was not suspended on 4.9.17 despite Kelly completing the condition mandating it. DOC appears to have instead treated Kelly as if he were on conditional release, thus retaining jurisdiction themselves instead of returning it to the sentencing court. See *State v. Haagenson*, 356 Mont. 177, 185 (2010) (Revocation of a suspended sentence

---

[1] On May 2, 2023, undersigned contacted DOC's legal department and spoke to Lorraine (LNU) and requested an explanation. She said she would look into it, took undersigned's contact information. No response has been received as of the time of filing.

is a determination by the court and revocation of conditional release is determined by the DOC).

This subsequently turned out to have significant consequences for Kelly as DOC decided on 5.10.19 to revoke his release and place him in prison. DOC's unlawful determination deprived Judge Menahan of the jurisdiction he specifically ordered be retained by the Court. It deprived Kelly of the right to counsel, the right to appear and present evidence, and other rights guaranteed by statute. See MCA 46-18-203 (2017). Now, in addition to having been unlawfully incarcerated for 22 months and having his rights violated, Kelly is faced with an additional criminal history point, increasing his guidelines from 70-87 months to 84-105 months. This is not supportable as the sentencing judge was deprived of his jurisdiction and never imposed a subsequent sentence. There is no re-sentence to add to the original sentence. See §4A1.2(k) and n.11. Given all of the above, the additional time Kelly spent in custody should not be used to further punish him.

### 3. Conclusion

A sentence of 42 months to the Bureau of Prisons followed by 3 years of supervised release will satisfy the § 3553 factors in this case.

RESPECTFULLY SUBMITTED this 4th day of May 2023.

/s/ Clark Mathews

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on May 4, 2023, a copy of the foregoing document was served on the following persons by the following means:

 1,2  CM-ECF
_____ Hand Delivery
  3   Mail
_____ Overnight Delivery Service
_____ Fax
  4   E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. ETHAN PLAUT,
   Assistant United States Attorney
       Counsel for the United States of America

3. KELLY WAIT
       Defendant

4. PEYTON JONES
       United State Probation Officer

/s/ Clark Mathews